**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLAS A. PIPPIN,<br>ALEXANDER VASQUEZ, and<br>SERGIO AVILA JR.,<br><br>Plaintiffs,<br><br>v.<br><br>DAUBERT CHEMICAL<br>COMPANY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>Case No. 25-cv-13739<br><br><br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiffs Nicolas A. Pippin, Alexander Vasquez, and Sergio Avila Jr., by and through their attorney Peter T. Sadelski of Sadelski Law, bring this Amended Complaint against Defendant Daubert Chemical Company, Inc., alleging as follows:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, because it arises under the laws of the United States, including 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.

2. The Court has supplemental jurisdiction over the state-law claims under the Illinois Human Rights Act, 775 ILCS 5/2-101 et seq., because under 28 U.S.C. § 1367, state law claims so related to the federal claims that they form part of the same controversy under Article III of the United States Constitution can be brought together in the same federal lawsuit.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred within.

## PARTIES

4. At all relevant times, Plaintiffs Nicolas A. Pippin ("Plaintiff Pippin"), Alexander Vasquez ("Plaintiff Vasquez"), and Sergio Avila Jr. ("Plaintiff Avila") (collectively "Plaintiffs"), resided in Illinois and were employees as defined by 42 U.S.C. § 1981 and the Illinois Human Rights Act, 775 ILCS 5/2-101 et seq.

5. At all relevant times, Defendant Daubert Chemical Company, Inc. ("Defendant") was an Illinois corporation engaged in the business of research, development, and manufacturing of lubricants, coatings, adhesives, and additives in the State of Illinois. Defendant was Plaintiffs' employer as defined under 42 U.S.C. § 1981 and under the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*. At all relevant times, Defendant had at least fifteen (15) employees.

## FACTUAL ALLEGATIONS

6. Plaintiffs are brown and/or of Latino, Hispanic, and Puerto Rican ancestry, ethnicity, and/or nationality.

7. Plaintiff Avila started working at Defendant in or around May 2023. Plaintiffs Pippin and Vasquez started working at Defendant in or around September 2023.

8. From Plaintiffs' first day working at Defendant, until their last, the facility had a hostile work environment against brown people and/or people of Latino, Hispanic, and/or Puerto Rican ancestry, ethnicity, and/or nationality.

9. Caucasian supervisors and employees regularly referred to Plaintiffs and other employees of Hispanic, Latino, African American, and/or Puerto Rican ancestry,

ethnicity, nationality, color, and/or race as “beaners,” “spics,” “cartel members,” and/or “niggers.”

10. Multiple Caucasian supervisors and employees openly discussed being active members of the Ku Klux Klan.

11. A supervisor repeated a “joke” he heard at a Donald Trump rally, where a “comedian” called Puerto Rico “a floating pile of garbage.”

12. A Caucasian supervisor said that Vasquez had “nigger hair.”

13. A Caucasian supervisor said that he “preferred Mexicans over Puerto Ricans and blacks because they are more obedient.”

14. A Caucasian supervisor told Plaintiffs that “they” meet in a “sundown town” and that Plaintiffs would be injured if they went there.

15. A Caucasian employee told Pippin that “only dumb niggers and spics voted for that nigger Kamala Harris.”

16. A Caucasian ex-employee celebrated Donald Trump’s presidential victory the day after the election, wearing a shirt with a Confederate flag at the facility.

17. A Caucasian employee asked Pippin whether he had his “green card.”

18. A Caucasian employee told Pippin that he does not speak to “black or Spanish guys.”

19. A Caucasian employee said, “You Hispanics are all drug dealers.”

20. Plaintiffs reported the ethnically, ancestrally, nationally, and/or racially hostile conduct on multiple occasions. Defendant took no action to address the issue. Instead, Defendant fired each Plaintiff.

21. Defendant fired Plaintiffs Pippin and Vasquez on or about January 2, 2025, and Plaintiff Avila on or about January 7, 2025.

**COUNT I**
**DISCRIMINATION BASED ON RACE, NATIONAL ORIGIN, COLOR, ANCESTRY, AND/OR ETHNICITY IN VIOLATION OF 42 U.S.C. § 1981, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AND/OR THE ILLINOIS HUMAN RIGHTS ACT**

22. Plaintiffs hereby reassert and incorporate by reference the assertions made in paragraphs one (1) through twenty-one (21) as if explicitly restated in this count.

23. Defendant had a hostile work environment based on race, national origin, color, ancestry, and/or ethnicity that was both subjectively and objectively offensive.

24. The work environment was hostile to Plaintiffs because they are brown and/or of Latino, Hispanic, and/or Puerto Rican descent.

25. Defendant's conduct was severe and/or pervasive.

26. Defendant is vicariously liable for the acts of its supervisors because they acted within the scope of their employment as supervisors and/or because Defendant knew or should have known of non-supervisory employees' conduct and failed to prevent it from happening and/or continuing.

27. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered emotional distress, humiliation, embarrassment, and loss of enjoyment of life, as well as other damages.

28. Defendant's actions were willful, wanton, and malicious, entitling Plaintiffs to punitive damages.

**COUNT II**
**RETALIATION IN VIOLATION OF 42 U.S.C. § 1981, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AND/OR THE ILLINOIS HUMAN RIGHTS ACT**

29. Plaintiffs hereby reassert and incorporate by reference the assertions made in paragraphs one (1) through twenty-one (21) as if explicitly restated in this count.

30. Plaintiffs reported hostile conduct toward them based on their race, national origin, color, ancestry, and/or ethnicity on multiple occasions, which is a protected activity.

31. Shortly thereafter, Defendant terminated Plaintiffs' employment, constituting a material adverse action.

32. There is a causal nexus between the protected activity and the adverse action.

33. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered emotional distress, humiliation, embarrassment, loss of enjoyment of life, and/or lost wages, as well as other damages.

34. Defendant's actions were willful, wanton, and malicious, entitling Plaintiffs to punitive damages.

## PRAYER FOR RELIEF

a. Defendants shall pay general damages.

b. Defendants shall pay special damages.

c. Defendants shall pay Plaintiff's attorney fees.

d. Defendant shall pay punitive and exemplary damages.

e. Defendants shall pay the costs of the suit herein incurred.

f. Plaintiff shall receive any award this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 11, 2026

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
Sadelski Law, PLLC
1 North State Street, Suite 1506
Chicago, Illinois 60602
(312) 625-6564
peter.sadelski@sadelskilaw.com
*Attorney for Plaintiffs*